UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20411-CIV-O'SULLIVAN

PELAYO M. DURAN,

    Plaintiff,
v.

WELLS FARGO BANK, N.A., and
CYNTHIA SIERRA

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendant Wells Fargo Bank's Verified Motion to Tax Attorney's Fees (DE # 34, 06/09/2009) and Defendant Cynthia Sierra's, Notice of Adoption of Wells Fargo Bank's Motion to Tax Attorney's Fees (DE # 35, 06/10/2009).  In the present case, the parties consented to the Magistrate Judge hearing all Discovery and all Motions for Attorney's Fees, Costs and Sanctions (DE # 29, 05/13/09).  Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") moves to tax its attorney's fees in the amount of $5,228.80 pursuant to Local Rules 7.1 and 7.3 and Section 25 of the EquityLine Agreement.  Cynthia Sierra (hereinafter "Sierra") joins and adopts the Motion to Tax Attorney's Fees and therefore, seeks the same relief with regard to the claims made against the defendant.  (DE # 35, 06/10/2009).  Sierra further supplements Wells Fargo's motion by requesting an order awarding attorney's fees in the amount of $5,010.00 and costs in the amount of $350.00.  (DE # 35 at 3, 06/10/2009).  On July 1, 2009, the plaintiff filed Plaintiff's Consolidated Response to Wells Fargo and Cynthia Sierra's Respective Motions for Attorney's Fees and

Memorandum of Law in Support Thereof (DE # 43).  Wells Fargo filed a reply on July 9, 2009 (DE # 44).

In accordance with the following order, Wells Fargo's Verified Motion to Tax Attorney's Fees (DE # 34, 06/09/2009) and Cynthia Sierra's Adoption of Wells Fargo's Verified Motion to Tax Attorney's Fees (DE # 35, 06/10/2009) are both GRANTED IN PART and DENIED IN PART in accordance with this order.

## Background

On January 12, 2009, the plaintiff filed this action in state court. On February 17, 2009, the defendants removed the action to this Court.  On March 15, 2009, Wells Fargo sent a written demand for arbitration to the plaintiff, to which the plaintiff failed to respond.  On March 19, 2009, Wells Fargo filed its Motion to Compel Arbitration (DE # 14).  On March 20, 2009, Sierra filed a Notice of Adoption of Wells Fargo Bank's Motion to Compel Arbitration and Supplemental Memorandum of Law (DE # 15).  On May 11, 2009, this Court entered an Order granting Wells Fargo's Motion to Compel (DE # 27).

## Analysis

**I.      Entitlement to Fees**

Wells Fargo argues that Section 25 of the EquityLine Agreement (hereinafter "ELA") between the plaintiff and Wells Fargo entitles Wells Fargo to an award of its attorney's fees incurred in compelling arbitration.  The terms of Section 25 of the ELA between plaintiff and Wells Fargo read as follows:

> Unless inconsistent with applicable law, me and the Bank shall each bear
> the expense of our own attorney, expert and witness fees, regardless of
> whether me or the Bank prevails in arbitration.  If either the Bank or I fail
> to submit to binding arbitration following a lawful demand, the party who

> fails to submit shall bear the costs and expenses incurred by the party compelling arbitration.

Exhibit I. (DE # 1-2 at 81, 02/18/2009).

The plaintiff argues that the arbitration clause at issue does not provide for attorney's fees. (DE # 43 at 2-4, 07/01/2009). The plaintiff also argues that according to the provision, the defendants are entitled only to "costs and expenses." The plaintiff further argues that "costs and expenses" under the "American Rule" generally do not include attorney's fees. See Marek v. Chesny, 473 U.S. 1, 18 n. 8 (1985). However, in opposing arbitration, the plaintiff argued both in his written submission and oral argument that the term "expenses" included attorney's fees. The plaintiff's prior argument that the clause included attorney fees leads the undersigned to find that the clause provides for attorney's fees and costs to be paid if a party fails to submit to arbitration following a lawful demand. The plaintiff's "argument that attorney's fees can only be provided in contract by use of the exact words 'attorney's fees,' is not supported by Florida law." Air Turbine Technology, Inc., v. Atlas Copco AB, No. 2008-1290, 2009 WL 1098797, *3 (11th Cir. April 24, 2009). The undersigned finds that Section 25 of the ELA entitles the defendants to an award of its attorney's fees incurred in compelling arbitration.

The plaintiff also argues that the arbitrator should resolve the instant motion and that Wells Fargo did not satisfy the ELA because Wells Fargo failed to make a lawful demand for arbitration. See Plaintiff's Consolidated Response (DE # 43 at 4-7, 07/01/2009). The arbitration agreement is silent to whether the attorney's fee award issue should be brought before the arbitrator or this Court. In the present case, the

3

undersigned finds the attorney's fee award consistent with Local Rule 7.3. Moreover, attached to Wells Fargo's Motion to Compel Arbitration was Wells Fargo's demand for arbitration. Exhibit A (DE # 14, 03/19/2009). Having determined that the defendants are entitled to attorney's fees pursuant to the ELA, the undersigned next addresses the appropriate amount of that fee award.

## II.     Amount of Fee Award

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888 (1984).

The Court must first evaluate the defendant's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." See Blum, 465 U.S. at 886. In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's

experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

The Court must next evaluate the defendant's requested fee for reasonableness in terms of the total hours expended by defendant's counsel. This Court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F. Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

### A. Wells Fargo

Wells Fargo requests an hourly rate of both $430.00 and $344.00 for Michael Winston. Wells Fargo claims that effective April 1, 2009, a discounted rate agreement came into effect which reduced the hourly rate to $344.00. Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law, the Affidavit of Jill Weiss (DE # 35-3), and the Court's familiarity with attorneys' fees in general, the undersigned finds that an hourly rate of $300.00 is

reasonable and should be awarded.  The Court recognizes that Michael Winston is a skilled attorney, but finds the requested hourly rates to be excessive.  See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (the court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment when reviewing a claim for hours reasonably expended).

Wells Fargo's motion requests reimbursement for 13.4 hours spent on this matter.  Wells Fargo supports this request by submitting a chronological listing of hours expended in this matter.  (DE # 34-2, 06/09/2009).  Upon independent review of the defendant's billing records submitted to this Court, the undersigned finds that it was reasonable for defendant's counsel to spend 13.4 hours in the defense of the plaintiff's claim.  Furthermore, the plaintiff does not object to the number of hours requested in this matter.  Accordingly, Wells Fargo is awarded **$4,020.00** in attorney's fees (13.4 hours at $300.00 per hour).

### B. Sierra

Sierra requests an hourly rate of $300.00 for attorneys Jeffrey Swartz and Sergio Casiano, Jr.  Sierra supports this fee request by submitting an affidavit by attorney Jocelyn Poole attesting to the reasonableness of the fees.  (DE # 35-3 at 2, 06/10/2009)  Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law, the Affidavit of Jocelyn Poole (DE # 35-3), and the Court's familiarity with attorneys' fees in general, the undersigned finds that the hourly rate of $300.00 is reasonable and should be awarded for the services of attorneys Jeffrey Swartz and Sergio Casiano.

Sierra's motion requests reimbursement for 16.7 hours for time spent on this case. Sierra supports this request by submitting a chronological listing of hours and costs expended in this matter. (DE # 35-2, 06/10/2009). Upon independent review of the defendant's billing records submitted to this Court, the undersigned finds that it was reasonable for defendant's counsel to spend 16.7 hours on this case. Moreover, the plaintiff does not object to the number of hours requested in this matter. Accordingly, Sierra is awarded **$5,010.00** in attorney's fees (16.7 hours at $300.00 per hour).

Sierra also requests a fee for one hour of service charged by Ms. Poole for the review of the defendant's file, consultation with Sierra's counsel, plus the preparation and revision of her Affidavit in support of the fee application. The hourly rate requested is $350.00. Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law, the Court's familiarity with attorneys' fees in general, the undersigned finds that the hourly rate of $300.00 is reasonable for Ms. Poole and should be awarded. The Court recognizes that Ms. Poole is a skilled attorney, but finds the requested hourly rates to be excessive. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (the court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment when reviewing a claim for hours reasonably expended). Thus, the Court awards Sierra **$300.00** for the costs associated with Ms. Poole's work.

ORDERED AND ADJUDGED that the Court on Wells Fargo's Verified Motion to Tax Attorney's Fees (DE # 34, 06/09/2009) is GRANTED IN PART and DENIED IN PART and Cyndi's Adoption of Wells Fargo's Verified Motion to Tax Attorney's Fees

(DE # 35, 06/10/2009) GRANTED IN PART and DENIED IN PART in accordance with the foregoing Order. Wells Fargo is awarded **$4,020.00** in fees and Cynthia Sierra is awarded **$5,310.00** in fees and costs.

DONE AND ORDERED at the United States Courthouse, Miami, Florida, this 25th day of August, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record