UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20411-CIV--SEITZ/O'SULLIVAN

PELAYO M. DURAN,

    Plaintiff,

v.

GREENPOINT MORTGAGE
FUNDING, INC., et al.

    Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand [DE-118]. This is an action in which Plaintiff is presently seeking damages against Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint") and Defendant Lee A. Rosenthal ("Rosenthal") (collectively "Defendants") under a number of causes of action governed by state law, claiming the Defendants' conduct unlawfully induced him into entering a mortgage agreement. Plaintiff now seeks an order remanding the action to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County because the Court has now dismissed with prejudice all of Plaintiff's federal claims. Because the Parties have yet to file dispositive motions and the Eleventh Circuit Court of Appeals strongly prefers district courts to remand actions in which questions of federal law are resolved well before trial, the Court will remand the action to state court. The Court will not award Greenpoint attorneys' fees and costs, though Florida law provides that Defendants can seek fees and costs at the conclusion of the action in state court.

1. **Background Facts**

This action has been before the Court since Greenpoint removed it from state court in February of 2009. (DE-1, Notice of Removal). A brief recitation of the most significant facts and the procedural history of the action is warranted in light of Plaintiff's motion to remand nine months after removal.

Plaintiff filed this action on January 12, 2009 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County. (DE-1-1, Plaintiff's Original Complaint ("Complaint")). In his initial Complaint, Plaintiff alleged that after seeing a Wells Fargo Bank ("Wells Fargo") advertisement in the newspaper, he contacted a Wells Fargo employee named Cindy Sierra ("Sierra") in January of 2005 to discuss refinancing his home and obtaining an equity line of credit. (*Id.* at ¶¶ 9-12). He discussed the refinancing and equity credit-line with Sierra on several occasions over the next two months and continued the process of applying for a mortgage refinance and equity line of credit. (*Id.* at ¶ 16). On February 10, 2005, Plaintiff submitted a residential loan application to Wells Fargo requesting a 10-year interest-only loan, to be adjusted annually, with an interest rate of 5.75%. (*Id.* at ¶ 18). Then, on February 22, 2005, Greenpoint sent Plaintiff a Truth in Lending Act ("TILA") Disclosure Form, which set forth quotes of a 5.5451% interest rate and a cost estimate of $8,362.00. (*Id.* at Exhibit D). On March 10, 2005, Plaintiff formally executed a mortgage agreement with Greenpoint for $920,000, with a 5.5% interest rate and total costs of $27,376.21 ("Mortgage Agreement"). (*Id.* at ¶¶ 28-29).

Plaintiff further alleged that shortly after executing the Mortgage Agreement with Greenpoint he told Sierra "that she had given [Plaintiff] a loan that was different from that which had been represented previously" and asked to rescind the Mortgage Agreement. (*Id.* at ¶¶ 37-

2

38). Plaintiff alleged that Sierra then informed him that if he rescinded the Greenpoint Mortgage Agreement, his interest rate would rise and Wells Fargo would be unwilling to offer him an equity credit-line. (*Id.* at ¶ 39). Next, on or around April 25, 2005, Plaintiff executed an agreement with Wells Fargo for an equity credit-line of $190,000 ("Credit Agreement") that contained an arbitration clause for all disputes arising from that agreement. (*Id.* at ¶ 50).

Plaintiff's original Complaint asserted the following claims: (1) violation of the Truth in Lending Act ("TILA") against Greenpoint, Countrywide and Sierra; (2) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") against Greenpoint, Countrywide, Wells Fargo and Sierra; (3) common-law fraud against Greenpoint, Countrywide, Wells Fargo and Sierra; (4) civil conspiracy to defraud against Greenpoint, Countrywide, Wells Fargo and Sierra; (5) violation of the Florida Fair Lending Act against Wells Fargo; (6) common-law breach of fiduciary duty against Sierra; (7) violation of the Real Estate Settlement Procedures Act ("RESPA") against Greenpoint, Countrywide, and Wells Fargo. On February 18, 2009, Greenpoint properly removed the action to this Court, claiming correctly that the Court had jurisdiction because a "federal question [was] presented on the face of the ... complaint." (Notice of Removal at pages 2-3).

Since Greenpoint's removal of the action, the Court has entered a number of orders that have forced Plaintiff to refine his claims. In respond to an Order entered on May 14, 2009 [DE-31] granting Greenpoint's Motion to Dismiss the Complaint, Plaintiff filed an Amended Complaint on June 25, 2009 re-pleading his claims against Greenpoint, asserting new claims against Greenpoint, and joining new defendants [DE-39].[1] In the Amended Complaint, Plaintiff

---

[1] Also, on May 12, 2009, the Court entered an Order dismissing Plaintiff's claims against Wells Fargo and Sierra without prejudice in light of the arbitration provision in the Credit Agreement [DE-27].

not only re-pled his TILA claim, but added new federal law claims against Greenpoint for violation of the Home Ownership Equity Protection Act ("HOEPA") and for violation of Racketeering Influenced and Corrupt Organizations Act ("RICO").[2] Furthermore, Plaintiff asserted common law claims against three appraisers ("Appraiser Defendants") that were involved in the transactions, including Defendant Rosenthal.

The Court's resolution of the Motions to Dismiss the Amended Complaint resulted in the elimination of all federal claims from the action. In an October 5, 2009 Order, the Court dismissed all of Plaintiff's remaining federal claims with prejudice, but allowed Plaintiff a final opportunity to re-plead some of the state law claims in the Amended Complaint [DE-109].[3]

As a result, Plaintiff filed a Second Amended Complaint, which is presently before the Court. The Second Amended Complaint only names Greenpoint and Rosenthal as Defendants, and asserts no causes of action under federal law. Furthermore, the Parties do not dispute that Plaintiff and Rosenthal are both Florida residents. Plaintiff now moves to remand the action to state court, asserting that the Court lacks subject matter jurisdiction because the Second Amended Complaint does not raise a federal question and the parties are not completely diverse. In its opposing brief, Greenpoint asks, in the event the Court remands the action, that it be awarded all costs and attorneys' fees incurred from the date of removal until the date of remand.

---

[2] Plaintiff also reasserted a RESPA claim, though it had been dismissed with prejudice in the May 14, 2009 Order granting Greenpoint's Motion to Dismiss. While Plaintiff should not have re-pled his RESPA claim, he was free to assert the other federal claims in his Amended Complaint that continued to present the Court with a federal question while the Amended Complaint was pending.

[3] Also, a few days before the Court entered its October 5, 2009 Order, Plaintiff voluntarily dismissed the Appraiser Defendants, with the exception of Rosenthal [DE-106], and moved to dismiss his RICO and civil conspiracy claims [DE-107].

2. **Analysis**

   a. **Motion to Remand**

While Plaintiff correctly asserts that the ground for subject matter jurisdiction existing at the time of removal is no longer present, that fact does not defeat subject matter jurisdiction. "It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *In re Ben Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980); *see also, Xactron Mgmt. Ltd. v. Kreepy Krauly U.S.A.*, 696 F. Supp. 1465 (S.D. Fla. 1988) (withdrawal after removal of request to compel arbitration under federal law cannot defeat federal jurisdiction). The Court had subject matter jurisdiction over the action at the time of removal because Plaintiff's Complaint asserted claims under federal law and, as a result, the Court still has subject matter jurisdiction, despite the recent dismissal of all federal claims.

Therefore, the issue is not whether the Court has subject matter jurisdiction but whether it retain the state law claims despite the absence of any federal claims. "When a subsequent narrowing of the issues excludes all federal claims, whether a pendent state claim should be remanded to state court is a question of *judicial discretion*, not of subject matter jurisdiction." *Id.* (emphasis added). In exercising its discretion, a district court is to consider judicial economy and comity, as well as convenience and fairness to litigants. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

In discussing how a district court should exercise this discretion, the United States Supreme Court stated long ago that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as

well." *Id.* at 726. While the Supreme Court has clarified that this rule does not have to apply in all cases, it has clearly expressed that when "the balance of [the factors listed above] indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction" and either dismiss the case without prejudice or remand it to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Furthermore, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (affirming dismissal of pendent state claims upon dismissal of civil RICO claim); *see also, Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("dismissal of state law claims [is] strongly encouraged when federal law claims are dismissed prior to trial").

Here, the Court has dismissed all federal claims over ten months before trial is to commence. While the Parties have conducted discovery and appeared before the Court on hearings related to the Defendants' Motions to Dismiss and discovery issues, they will not file dispositive motions until April of 2010 and will not begin trial until August of 2010 [DE-114]. As a result, the case is still at an "early" stage. *See, e.g., Eubanks v. Gerwen*, 40 F.3d 1156 (11th Cir. 1994) (affirming dismissal of pendent claims after because "the federal claims have been disposed of rather early on at the summary judgment phase"); *Amador v. Perello*, 2000 U.S. Dist. LEXIS 22115, *27 (S.D. Fla. Aug. 22, 2000) (dismissing pendent claim after granting summary judgment on federal claims).

Moreover, the Parties will not be prejudiced by having a state court adjudicate the remainder of the litigation as it is now grounded entirely in state law. "Needless decision of state

law [by a federal court] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. Plaintiff's allegations that Greenpoint and Rosenthal violated the Florida Deceptive and Unfair Trade Practices Act, that Greenpoint violated Florida statutes regulating mortgage brokers and that Rosenthal violated Florida statutes regulating appraisers invoke claims arising under Florida statutory schemes that are best addressed in a Florida state court. *See Hardy v. Birmingham Bd. of Ed.*, 954 F.2d 1546, 1553 (11th Cir. 1992) (reversing district court that retained action requiring interpretation of Alabama statute regulating dismissal of teachers when no issue of federal law remained). Given the relatively early stage of the litigation, the Eleventh Circuit Court of Appeals' clear preference that a district court remand actions in which federal claims are dispensed with at an early stage and the need for the adjudicating court to resolve questions concerning state regulatory statutes, the Court will grant Plaintiff's Motion to remand the action.

        **b.**    **Attorney's Fees and Costs**

Greenpoint requests attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the purpose of § 1447(c)'s provision for costs and attorney's fees is to "deter *removals* sought for the prolonging of litigation and imposing costs on the opposing party," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005), not to deter parties from bringing claims that can serve as *grounds* for removal.

Here, Greenpoint, the party that initiated the removal, is essentially seeking costs and

attorneys' fees against Plaintiff for asserting the federal claims in state court that gave Greenpoint the ability to remove the action and for continuing to pursue those claims over the months that this Court has retained jurisdiction. However, the Court will not impose costs and fees on Plaintiff simply because he brought federal claims that the Court ultimately dismissed with prejudice.[4] Therefore, Greenpoint's informal request for attorneys' fees and costs is denied. Having carefully considered Plaintiff's Motion, it is hereby

ORDERED that

(1) Plaintiff's Motion to Remand [DE-118] is GRANTED. The Clerk of the Court is directed to REMAND this case to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

(2) Any pending motions are DENIED as they are moot and this case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 23rd day of December, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[4] In the only case that Greenpoint or the Court has identified in which the removing party was awarded fees and costs under § 1447(c), the plaintiff added federal claims to his complaint while the action was pending in state court, then withdrew the claims and requested a remand almost immediately after removal, suggesting that the plaintiff dropped his federal claims to initiate a remand. *Taylor v. Prison Health Servs.*, No. 8:06-cv-2212-T-30TGW (M.D. Fla. May 18, 2007). Here, however, the Court has dismissed most of the federal claims from the action and the manner in which Plaintiff has added parties and claims to his pleadings does not suggest a design to defeat this Court's jurisdiction.